UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HARPER, | No. 2:24-cv-1278-CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| CLAYBURNE WILLIAMS, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff Daniel Harper, a state prisoner, proceeds pro se and requests to proceed in forma pauperis. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1).

Title 28 U.S.C. § 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action ... [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Each prior case dismissed as frivolous, malicious, or for failure to state a claim is a "strike" under § 1915(g). A case dismissed also counts as a "strike" under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants

1

1  leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of
2  whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133,
3  1142-43 (9th Cir. 2017).

4      This court's records reveal that, while incarcerated and before this action was filed,
5  plaintiff had at least four cases dismissed which count as strikes:[1]

6      1. Harper v. Sacramento County Sheriff, No. 2:07-cv-0748 ALA (E.D. Cal.) (complaint
7  dismissed with leave to amend for failure to state a claim on June 19, 2007; case dismissed on
8  November 14, 2007, for failure to file an amended complaint);

9      2. Harper v. Wilcox, No. 2:07-cv-1158 LKK KJM (E.D. Cal.) (case dismissed on January
10 28, 2008, for failure to state a claim);

11     3. Harper v. Costa, No. 2:07-cv-2149 LKK DAD (E.D. Cal.) (case dismissed on August
12 31, 2009, for failure to state a claim); and

13     4. Harper v. Morgan, No. 2:08-cv-2526 GGH (E.D. Cal.) (case dismissed on June 16,
14 2009, for failure to state a claim).

15     Judgment is final in all four cases and has not been overturned. Plaintiff had at least three
16 "strikes" prior to filing this action. Accordingly, he is precluded from proceeding in forma
17 pauperis unless he was in imminent danger of serious physical injury at the time he filed the
18 present complaint.

19     The availability of the imminent danger exception "turns on the conditions a prisoner
20 faced at the time the complaint was filed, not at some earlier or later time." Andrews v.
21 Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). The "imminent danger" exception is available
22 "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."
23 Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). To meet the burden under § 1915(g), an
24 inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of
25 misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton,
26 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are

---

[1] The court takes judicial notice of the docket information for its own cases. See Fed. R. Evid. 201(b)(2); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

insufficient. <u>White v. Colorado</u>, 157 F.3d 1226, 1231-32 (10th Cir. 1998). "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." <u>Andrews</u>, 493 F.3d at 1057 n.11.

Plaintiff alleges he was sexually harassed on March 20, 2023, by a correctional officer who searched plaintiff's jumpsuit and performed an unclothed body search for contraband. (ECF No. 1 at 4-7.) Specifically, the officer told plaintiff to "give him [my] boxers so he could see my white ass." (<u>Id.</u> at 4.) Plaintiff also alleges the defendant supervisor "held this issue for so long to protect" the officer who searched and harassed plaintiff. (<u>Id.</u> at 7)

Plaintiff does not allege any imminent danger of serious physical injury. Instead, plaintiff complains of verbal conduct that occurred on a single occasion at CSP-Sacramento. Because plaintiff's current address of record is Kern Valley State Prison, and because plaintiff does not allege any imminent danger, the complaint's allegations do not meet the imminent danger exception. See, e.g., <u>Kelly v. Newsome</u>, No. 1:24-CV-01063-SKO, 2024 WL 4449929, at *2 (E.D. Cal. Sept. 10, 2024) (holding allegations of sexual harassment and vague threats did not suffice to constitute allegations of imminent danger), report and recommendation adopted, No. 1:24-CV-1063 JLT SKO, 2024 WL 4505395 (E.D. Cal. Oct. 16, 2024). Therefore, plaintiff's request for leave to proceed in forma pauperis should be denied.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this case.

In addition, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) be DENIED.
2. Plaintiff be granted 14 days from the denial of his request for leave to proceed in forma pauperis within which to pay the $405 filing fee for this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 3, 2025

/s/ Carolyn K. Delaney
_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, harp1278.3strikes